CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 14, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROMEO DEMETRI TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00787 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| OFFICER BAKER, *et al.*, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Romeo Demetri Taylor, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Officer Baker, Officer Juan Rawlings, and SWVRJA-Abington. (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff has failed to state a claim.

In his complaint, Plaintiff alleges that Baker came to Plaintiff's cell on October 20, 2025, and told him that the cell was dirty. (*Id.* at 2.) Plaintiff also alleges that Baker would not bring Plaintiff cleaning supplies for his cell, and that Baker told Plaintiff and his cellmate that "if [they] weren't dirty bitches[,] [then the cell] wouldn't be" dirty. (*Id.*) According to Plaintiff, his cellmate was "about to get up and say something" to Baker, but Plaintiff "stopped" his cellmate and said that "they" "can suck it with [their] attitudes." (*Id.*) In response, Baker allegedly said, "in a feminine voice," "I will if you whip that little thing out." (*Id.*) Plaintiff also alleges that Rawlings "tried to threaten [Plaintiff] [to] convince him not to PREA [Rawlings]."[1] (*Id.*)

---

[1] The court understands Plaintiff's reference to "PREA" to be a citation to the Prison Rape Elimination Act. *See Bishop v. Lambert*, No. 7:22-cv-00614, 2023 WL 1466621, at *1–2 (W.D. Va. Feb. 2, 2023) (generally discussing PREA).

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prisoner's complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as it would if it were reviewing the complaint under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true, draws all reasonable inferences in Plaintiff's favor, and then asks whether the allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the court construes the allegations in his favor liberally and should not dismiss his claim unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates a prisoner's civil rights, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws"

of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Here, even liberally construing his complaint in his favor, Plaintiff has failed to allege facts that would show that any Defendant violated his constitutional rights, and the court must therefore dismiss his claims.

As noted, Plaintiff has sued SWVRJA-Abingdon. (*See* Compl. at 1.) But this Defendant, as a local jail facility, is not a "person" subject to suit under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks he capacity to be sued as a jail."). Thus, Plaintiff's claims against SWVRJA-Abington fail at the threshold.

Plaintiff has also failed to state adequate claims for relief against the other individual Defendants. As to Baker, Plaintiff's claim appears to be based on his alleged use of verbal abuse against Plaintiff and his cellmate. But if Plaintiff intended to raise such a claim, it is not recognized. *See Wilson v. McKeller*, 254 F. App'x 960, 961 (4th Cir. 2007) (per curiam) ("[V]erbal abuse, without more, do[es] not state a cognizable claim under § 1983" (citing *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992))). And as to Rawlings, Plaintiff's claim is presumably based on his alleged attempts to "threaten" Plaintiff. But Plaintiff's bare-bones and conclusory allegations against Rawlings fail "to raise a right to relief about the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), as is required. *See also Ashcroft v. Iqbal*,

556 U.S. 662, 678 (noting that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (quoting *Twombly*, 550 U.S. at 555)).

Liberally construed, Plaintiff's complaint could be read to raise a deliberate-indifference-to-conditions-of-confinement claim against Baker based on the officer's alleged failure to bring Plaintiff cleaning supplies. But if Plaintiff intended to raise such a claim, it too fails. Apart from claiming that his cell "dirty," Plaintiff does not adequately "describe the conditions of his [cell]." *See Knight v. Woody*, No. 3:10-cv-00351, 2012 WL 92526, at *3 (E.D. Va. Jan. 11, 2012) (describing a similar situation). Without more, the court cannot say that the condition of which Plaintiff complains is sufficiently serious to raise a conditions-of-confinement claim. As Plaintiff has failed to adequately state any claims against Defendants, the court will dismiss this action.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 14th day of July, 2026.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE